**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SANTRELL HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 23 CV 1416 |
| | ) | |
| CITY OF CHICAGO, CARLOS PONCE, | ) | |
| #11493, DANY PAPADATOS, #5082, and | ) | |
| UNKNOWN OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, SANTRELL HENDERSON, by and through his counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO, CARLOS PONCE, #11493, DANY PAPADATOS, #5082, and UNKNOWN OFFICERS, states as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

1

3.       Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**PARTIES**

4.       Plaintiff SANTRELL HENDERSON is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. He is a Black male.

5.       Defendants CARLOS PONCE, #11493, DANY PAPADATOS, #5082, and UNKNOWN OFFICERS ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6.       Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

**FACTS**

7.       On or around 2 September 2022, Plaintiff Santrell Henderson was leaving the music studio with his brother and cousin in a car. All three are Black males.

8.       They drove to Harold's Chicken at or around 91st & Ashland Street where he picked up a meal and returned to the car.

9.       Santrell was in the backseat of the car eating his meal when they were followed by a Chicago Police Department car for approximately three blocks.

10.      At or around the third block, Santrell noticed that there were three other CPD cars waiting for them.

11. Without any lawful basis, the vehicle was pulled over at or around 91st and Laflin.

12. The traffic stop of Plaintiff's vehicle was pretextual and predicated on racial profiling.

13. Plaintiff and the other occupants were ordered out of the car at gunpoint.

14. There was no legal basis for Defendant Officers to point their gun at Plaintiff; the pointing of a gun at Plaintiff was unreasonable and excessive.

15. In fear for his life, he refused to exit the car until a supervisor arrived.

16. When the supervisor arrived, he condoned and ratified the misconduct of the other CPD officers.

17. Without a warrant, or any other lawful basis, Defendant Officers searched the vehicle and retrieved Santrell's gun.

18. The gun was properly licensed and registered to Plaintiff, who has his FOID card and is licensed to concealed carry.

19. Despite that, without probable cause or any other lawful basis, Defendant Officers arrested Plaintiff.

20. Plaintiff was taken back to the police station where he was charged with crimes that he did not commit.

21. After he was booked, Santrell was left handcuffed to a wall in a cell at the station.

22. There was no rational basis to leave Santrell handcuffed to a wall in a cell. Leaving Santrell handcuffed to a wall was excessive and only meant to punish and embarrass him for attempting to assert his constitutional rights.

23. Defendant Officers caused Santrell to lose $1200, his earrings, and other jewelry.

24. On or around 5 January 2023, all charges against Santrell were dismissed in a manner indicative of his innocence.

25. The acts of Defendant Officers were intentional, willful and wanton.

26. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – Illegal Search and Seizure

27. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

28. The seizure of Plaintiff's person and vehicle performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

29. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his person and property. In addition, the violations proximately caused Plaintiff to suffer, without limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed him to public scandal and disgrace, and financial loss.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages,

4

punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT II: 42 U.S.C. § 1983 – Excessive Force**

30.     Plaintiff re-alleges the above paragraphs as though fully set forth herein.

31.     The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

32.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights, liberty, taking of his person, taking of his property and dignity, interference with a normal life, lost time, financial loss, and attorneys' fees.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT III: 42 U.S.C. § 1983 – False Arrest**

33.     Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

34.     The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification,

constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

35.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights, liberty, taking of his person, taking of his property and dignity, interference with a normal life, lost time, financial loss, and attorneys' fees.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IV: 42 U.S.C. § 1983 – Unlawful Pretrial Detention

36.     Plaintiff re-alleges each of the foregoing paragraphs if fully set forth here.

37.     Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

38.     Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

39.     As described more fully above, Defendant Officers, while acting individually and jointly, deprived Plaintiff of his constitutional rights by deliberately filing false police reports.

40.     Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment and criminal case.

41.     Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

42.     The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT V: 42 U.S.C. § 1983 – Conspiracy

43.     Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

44.     As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

45.    In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

46.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

47.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

48.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

49.    As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights, liberty, taking of his person, taking of his property and dignity, interference with a normal life, lost time, financial loss, and attorneys' fees.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VI: 42 U.S.C. § 1983 – Racial Profiling

50.    Plaintiffs reallege each of the foregoing paragraphs as if fully set forth here.

51.    Plaintiff, as an African American, is a member of a protected class.

52.    Defendant Officers targeted, followed, and stopped Plaintiff based solely on his race.

53.    Defendant Officers conduct was undertaken with the purpose of depriving Plaintiff of the equal protection in violation of the Fourteenth Amendment.

54.    Defendant Officers acted with deliberate indifference to the Fourteenth Amendment rights of Plaintiff.

55.    In 2015, a shortly after the American Civil Liberties Union released a report detailing the City's use of stop and frisk, the ACLU of Illinois and CPD reached a settlement agreement to reform the practice of investigatory street stops known as stop and frisks.

56.    However, the City of Chicago now uses traffic stops much in the same it did Stop and Frisk.

57.    According to the Illinois Department of Transportation, in 2015, CPD conducted a traffic stop on approximately 85,965 drivers. Of those drivers, 42,051 were Black.

58.    In 2016, CPD more than doubled their rate of traffic stops, stopping over 187,133 drivers. Of those drivers, 113,287 were Black.

59.     In 2017, CPD conducted nearly 100 thousand more traffics stops than it had the year before, stopping over 285,067 traffic stops. Of those drivers, 172,116 were Black.

60.     In 2018, CPD conducted nearly 489,460 traffic stops, over 200 thousand more than it had the year before. Of those stops, 300,954 involved a Black driver.

61.     In 2019, CPD conducted 598,332 traffic stops. Of those stops, 368,332 involved a Black driver. Black drivers were 5.5 times more likely to be stopped than white drivers.

62.     In 2020, CPD conducted 327,224 traffic stops. Of those, 204,203 involved a Black driver. Black drivers were 7 times more likely to be stopped than white drivers.

63.     In 2021, CPD conducted 377,870 traffic stops, of which 237,997 or 63% involved a Black driver. Black drivers were 5 times more likely to be stopped than white drivers.

64.     Black drivers stopped by CPD were more than *5 times more likely* to be asked to consent to a search of their car than white drivers.

65.     According to the Office of the Inspector General, among CPD traffic stops that involved an officer using force, 87.2% of such uses of force were against Black people.

66.     Black drivers are disproportionately targeted and stopped by the Chicago Police Department because of their race.

67.     Black drivers are disproportionately pulled out of their vehicles and searched by the Chicago Police Department because of their race.

68.     Black drivers are disproportionately subjected to force by the Chicago Police Department because of their race.

69.     As a direct and proximate result of the aforesaid acts of the Defendants, the Fourteenth Amendment rights of the Plaintiff were violated.

70.     As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, purusant to 42 U.S.C. §1983, demand judgment against the DEFENDANTS, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT VII: ILCS 10/9-102 – Indemnification

71.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

72.     Defendant City is the employer of the Defendant Officers.

73.     Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as employees Defendant City.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, demands that, should any individually-named defendant be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant, CITY OF CHICAGO, be

found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

## COUNT VIII: Battery (State Law Claim)

74. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

75. By the actions detailed above, the Defendant Officers intentionally made unwanted and offensive bodily contact against Plaintiff and inflicted harm to Plaintiff.

76. By the actions detailed above, Plaintiff was harmed.

77. As a direct and proximate result of the assault, Plaintiff was injured.

78. Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, demands judgment against DEFENDANTS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT IX: Intentional Infliction of Emotional Distress (State Law Claim)

79. Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

80. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

81.  Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

82.  Defendant City is sued in this count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of that employment.

83.  As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**COUNT X: Malicious Prosecution (State Law Claim)**

84.  Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

85.  By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

86.  Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while

on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

87.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights, liberty, taking of his person, taking of his property and dignity, interference with a normal life, lost time, financial loss, and attorneys' fees.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, demands judgment against the DEFENDANTS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT XI: Violation of the Illinois Civil Rights Act of 2003

88.     Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

89.     When undertaking law enforcement practices, the City and its agents utilized criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, or national origin in violation of the Illinois Civil Rights Act of 2003, 740 ILCS 23/5(b).

90.     The City and its agents engage in law enforcement practices that have a disproportionate impact on Blacks in Chicago.

14

91.     The practices of the City and its agents are undertaken pursuant to a policy, program, or activity that deprives persons of their rights under the Illinois Civil Rights Act of 2003, 740 ILCS 23/5(a).

92.     As a proximate result of the above-detailed policies, Santrell was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused him mental anguish, embarrassment and humiliation, exposed him to public scandal and disgrace, and ridicule.

        WHEREFORE the Plaintiff, SANTRELL HENDERSON, demands judgment against the DEFENDANTS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT XII: Violation of the Illinois Human Rights Act

93.     Plaintiff re-alleges each of the foregoing paragraphs as if fully set forth here.

94.     The City and its agents engage in a pattern or practice of discrimination that denies African Americans in Chicago the full and equal enjoyment of the privileges of the City's law enforcement services, in violation of the Illinois Human Rights Act, 775 ILCS 5/5-102(C).

95.     As a proximate result of the above-detailed policies, Santrell was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused him mental anguish, embarrassment and humiliation, exposed him to public scandal and disgrace, and ridicule.

WHEREFORE the Plaintiff, SANTRELL HENDERSON, demands judgment against the DEFENDANTS for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,
**SANTRELL HENDERSON**


By:   s/ Jeanette Samuels
*One of Plaintiff's Attorneys*


Jeanette Samuels
SAMUELS & ASSOCIATES, LTD.
53 West Jackson Blvd., Suite 831
Chicago, Illinois 60604
T: (872) 588-8726
F: (872) 813-5256
E: sam@chicivilrights.com